IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:19-CV-41-BO

| | |
|---|---|
| BETTY H. WOLFE,<br>    Plaintiff,<br><br>v.<br><br>VIDANT RCH, VIDANT ADULT<br>BEHAVIORAL HEALTH,<br>    Defendant. | ORDER |

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, and the time for filing a reply has expired. In this posture, the motion is ripe for ruling, and, for the reasons that follow, the motion is granted and plaintiff's complaint is dismissed.

## BACKGROUND

Plaintiff, proceeding in this action *pro se*, filed a complaint against her former employer Vidant Adult Behavioral Health[1] in Ahoskie, North Carolina for employment discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq*. The complaint alleges that plaintiff was employed by defendant from March 2004 to April 2019 and that plaintiff's employment was terminated in retaliation for whistleblowing. Plaintiff alleges that the discriminatory conduct took place on September 9, 2019, and that she received her notice of right to sue letter from the Equal Employment Opportunity Commission on September 17, 2019. Plaintiff's complaint was filed in this Court on November 26, 2019.

---

[1] Defendant argues that plaintiff has not correctly identified her employer, which defendant asserts was Pitt County Memorial Hospital, Inc. d/b/a Vidant Medical Center. Because the Court finds that dismissal of the complaint is warranted, amendment to correctly identify plaintiff's employer would be futile.

On December 10, 2019, prior to defendant appearing in this action, plaintiff filed an addendum to her complaint. In her addendum, plaintiff describes specific incidents which occurred in March 2019 involving the alleged retaliation. On Wednesday March 27, 2019, plaintiff complained to her superior of feeling unwell, including feeling dizzy and having a headache, erratic breathing, and feeling flushed. Plaintiff approached three managers and asked to be allowed to return home. Plaintiff was informed that they were too busy with patients and her request to leave was denied. Later that day, plaintiff's vision became blurred and she suffered a subconjunctival hemorrhage in her right eye.

On March 29, 2019, plaintiff initiated a meeting with her managers. Plaintiff presented her concerns about a safe and productive work environment, which included incidents of other employees being absent from their workstations, taking unauthorized breaks, watching television, sleeping, or using their cell phones. Plaintiff explained that these circumstances had caused her to endure physical and mental abuse from patients because other employees were not available to help.

On Monday April 1, 2019, plaintiff's peer did not come to work and plaintiff had up to twenty patients. After a patient screamed at plaintiff, plaintiff went to the weekend/night shift nurse who was watching television and informed her of the situation. Plaintiff returned to the nurses' station and recorded her blood pressure as being 203/136 with a pulse of 134. Two managers were present and did not respond when plaintiff reported her vital signs to them. Plaintiff asked her managers what they would do if a patient had blood pressure like that, to which a manager replied that plaintiff was not a patient. Plaintiff was told that if she needed medical attention she should go and get it. Plaintiff sought medical attention and received a note from her physician excusing her from work. When she returned to work with the note,

plaintiff's manager took plaintiff's keys and informed plaintiff she was on administrative leave without pay. While plaintiff was on leave, she received a letter dated April 10, 2019, informing her that her employment had been terminated.

In her addendum, plaintiff also describes being banned from visiting family members who had been admitted to a Vidant associated hospital. On June 11, 2019, plaintiff received a letter regrettably informing her that the secretary of the two managers who had terminated plaintiff's employment had accessed her personal health information on April 1, 2019, without being given permission. Plaintiff states that her due process was compromised by being denied access to her personal health information and by obtaining a copy of the Vidant Health Human Resources policy manual. Plaintiff states that she feels she was denied her rights under the Family Medical Leave Act.

## DISCUSSION

Defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations, alterations, and citations omitted). However, a complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

At the outset, the Court determines that it may properly consider plaintiff's addendum as an attachment to her complaint. Pleadings drafted by *pro se* litigants are held to a less stringent standard than those drafted by attorneys, and the Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994).

Plaintiff's Equal Employment Opportunity Commission (EEOC) charge of discrimination lists retaliation as the sole type of discrimination alleged to have taken place. The particulars in support of plaintiff's charge also only concern defendant's alleged retaliation based upon plaintiff's complaints to managers about her co-workers. Administrative charges "frame[] the scope of future litigation." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). If

4

"the claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Dennis v. Cty. of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995). Thus, to the extent that plaintiff seeks to advance claims which were not contained in her EEOC charge and which "would [not] naturally have arisen from an investigation thereof," those claims must be dismissed for lack of jurisdiction. *See Chacko*, 429 F.3d at 509.

To state a claim for retaliation under Title VII, a plaintiff must allege that she engaged in protected activity, that the employer took adverse action against her, and that there was a causal connection between the protected activity and the adverse action. *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015). Plaintiff has alleged that she suffered adverse employment action, namely termination. Plaintiff has also alleged a temporal proximity between her complaints to management and her termination, which is sufficient at the prima facie stage. *Strothers v. City of Laurel, Maryland*, 895 F.3d 317, 336-37 (4th Cir. 2018). Plaintiff alleges that she was retaliated against for whistleblowing, and in her addendum she discusses her complaints to her managers about her co-workers failing to be present and working during their shifts. Plaintiff's complaints about her co-workers do not, however, amount to protected activity.

Title VII prohibits an employer from retaliating against an employee "for participating in an ongoing investigation or proceeding under Title VII," or taking "adverse employment action against an employee for opposing discriminatory practices in the workplace." *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998); *see also Bryant v. Aiken Reg'l Med. Centers Inc.*, 333 F.3d 536, 543–44 (4th Cir. 2003) ("Employees are [] guaranteed

5

the right to complain to their superiors about suspected violations of Title VII."); 42 U.S.C. § 2000e-3(a).

In essence, plaintiff alleges that she complained to her managers that her co-workers were not doing their jobs, and that as a result plaintiff was carried a larger workload that resulted in her suffering health problems. Plaintiff has not alleged that she complained to her employer about discriminatory practices or suspected violations of Title VII, or that she participated in an ongoing investigation or proceeding under Title VII. She has failed, therefore, to plausibly allege that defendant retaliated against her in violation of Title VII.

In her addendum, plaintiff alleges that she was denied her rights under the Family Medical Leave Act of 1993 (FMLA). Under the FMLA, it is unlawful for an employer to interfere with, restrain, or deny the exercise or attempted exercise of any right provided by the FMLA. 29 U.S.C. § 2615(a)(1). To state a claim for interference with an FMLA benefit, a plaintiff must show that "(1) he is entitled to an FMLA benefit; (2) his employer interfered with the provision of that benefit; and (3) that interference caused harm." *Adams v. Anne Arundel Cty. Pub. Sch.*, 789 F.3d 422, 427 (4th Cir. 2015). In support of her FMLA claim, plaintiff alleges that she was not given the opportunity to file under the FMLA because she was wrongfully terminated while on medical leave. Her FMLA allegations detail that she was placed on paid administrative leave on April 1, 2019, that her termination letter was dated April 10, 2019, and that her physician saw her on April 12, 2019, and restricted her from work activities until April 17, 2019. Plaintiff has not alleged that she would have been entitled to FMLA benefits for a condition for which she was treated after she was terminated, or that defendant interfered with plaintiff's seeking FMLA leave either while she was working or while she was on paid administrative leave status. *See also Vannoy v. Fed. Reserve Bank of Richmond*, 827

6

F.3d 296, 304 (4th Cir. 2016) (FMLA does not prohibit employer from terminating an employee for non-pretextual reasons). At bottom, plaintiff's FMLA allegation is conclusory and she has failed to state a claim on which relief can be granted.

Finally, plaintiff mentions in her addendum that she believes her due process rights were violated. Plaintiff offers no explanation as to how her rights were allegedly violated, and any due process claim that plaintiff has alleged is also conclusory and not plausibly alleged.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 11] is GRANTED. Plaintiff's complaint is DISMISSED in its entirety. The clerk is DIRECTED to enter judgment and close the file.

SO ORDERED, this _2_ day of April, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE